LINA PÉREZ VILLAMIL ROMANO DE JIMÉNEZ, Plaintiff and Appellee, v. ELADIO RODRÍGUEZ PORTELA, Defendant and Appellant.

No. 10254. Argued July 12, 1950.—Decided July 31, 1950.

---

[6] See Rule 15(b) *supra*.

Marcos A. Ramírez and Eladio Rodríguez Otero for appellant. Juan B. Soto and Juan F. Soto for appellee.

Mr. Chief Justice De Jesús delivered the opinion of the Court.

About the year 1933, the lot sued on, as a part of a larger property, belonged in remainder interest to plaintiff and her brothers. On this larger property her mother Josefa Romano had an usufructuary right. In the said year, defendant, with the consent of Ramón Pérez Villamil, brother of the plaintiff, began to occupy the lot without paying any rent or consideration whatever and with the consent of the usufructuary he erected a building thereon which he devoted to the business of selling construction material. Some time later, in the same year 1933, defendant began to pay rent until the usufructuary died on September 8, 1947. During all those years the rent fluctuated between $10 and $25 monthly; but after the death of the usufructuary and the owners of the remainder interest having been vested with full ownership, they refused to receive any rent for the lot. Subsequently, a deed of partition of property was executed and the lot in question was adjudicated to the plaintiff, who filed the present suit in the lower court on March 18, 1949.

The defendant alleged in his answer as matter of defense, that the proceeding of unlawful detainer at sufferance brought in this case [1] did not lie, since the month-to-month lease contract which he had with the usufructuary

---

[1] He also alleged accession as defense but expressly renounced said defense in his brief when he said:

"Due to the statement of proved facts delivered by the Hon. Judge of the lower court, the defendant gives up for the appeal the defense of accession to which the allegations refer."

had been extended by virtue of the provisions of § 12 of the Reasonable Rents Act, as amended by Act No. 201 of May 14, 1948, p. 574, and this being so, the lower court lacked jurisdiction inasmuch as the rent did not exceed $1,000 annually.

The lower court granted the complaint and rendered judgment for the plaintiff. The only error which defendant assigned in support of his appeal is that § 12 of the Reasonable Rents Act as amended by Act No. 201 of 1948 was not applied. In accordance with said Section, the lease contract, on the day of the expiration agreed upon therein, and irrespective of any change of landlord or nominal lessor, shall be compulsorily extended by the lessor at the option of the tenant or lessee, without altering any of the clauses thereof, all of which shall be deemed in force.

But plaintiff maintains that that statutory provision may be only applied by its own terms when there exists a lease contract and that in the present case the one which existed terminated with the death of the usufructuary before § 12 was amended. She invoked § 409 of the Civil Code which provides:

"The usufructuary may personally benefit by the property in usufruct, lease it to another person, and alienate his right to the usufruct, even though it be by deed of gift; but all contracts he may enter into as such usufructuary shall terminate at the end of the usufruct, except the lease of rural tenements, which shall be considered as subsisting during the agricultural year."

Appellant argues that the phrase "nominal lessor" was introduced in § 12 as amended by Act No. 201 of 1948 for the purpose of including the leases made by an usufructuary and that consequently said amended Section is decisive in the present case notwithstanding the provisions of § 409 of the Civil Code.

There is no doubt that pursuant to § 409 the contract entered into with the usufructuary and the defendant was terminated with the death of the usufructuary on Septem-

ber 8, 1947. So that on May 14, 1948, when the amendment to § 12 of the Reasonable Rents Act went into effect, the contract had terminated several months ago and although defendant continued in possession of the lot, said possession was at sufferance and since the evident purpose of § 12 is to extend lease contracts, said provision cannot be applied to contracts which had ceased prior to the effectiveness of the amendment.

The case of *Font* v. *Echeandía*, 67 P.R.R. 224, invoked by appellant, is not in point. It concerned a pending action and the effect of § 12 of the Reasonable Rents Act of 1946 was not to revive the action but to stay the prosecution of the pending cause of action during the emergency.

The judgment will be affirmed.